(12 App. Div. 594.)

### SPAULDING v. VILLAGE OF WAVERLY.

(Supreme Court, Appellate Division, Third Department. January 15, 1897.)

MUNICIPAL CORPORATIONS—ACTIONS AGAINST—COSTS.

A claim against a village is not "presented for payment" before commencement of action, so as to entitle plaintiff to costs (Code Civ. Proc. § 3245), where the person alleged to have presented it to the proper officer did not claim authority to receive payment, and did not make request therefor, or deliver any statement or give any information from which the claim could be paid, but merely said, "I simply want you to decline to pay, * * * so that some subsequent steps may be taken."

Appeal from special term, Schuyler county.

Action by Benjamin J. Spaulding against the village of Waverly. From an order made by the supreme court at Schuyler special term, and entered by the clerk of Tioga county September 21, 1896, taxing costs in favor of plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Frederick E. Hawkes, for appellant.
E. J. Baldwin, for respondent.

PARKER, P. J.    This action is upon a contract, and judgment for a sum of money only was asked in the complaint.    The plaintiff recovered a judgment for $400 against the defendant, which is a municipal corporation, and applied to the county clerk of Tioga county for the taxation of the usual costs allowed in such actions.    The clerk refused to tax them, on the ground that the claim upon which the action was founded had never been presented for payment to the chief fiscal officer of the defendant.    On appeal from such refusal the court at special term made an order allowing costs to the plaintiff, and taxing the same at $72.86, and from such order the defendant appeals to this court.    No question is made over the amount so allowed.    An examination of the affidavits used before the clerk on the application to him shows that no proper presentation of the claim for payment was made to the treasurer of the village of Waverly, who is conceded to be the chief fiscal officer of the defendant.    Section 3245 of the Code of Civil Procedure provides that costs cannot be awarded to the plaintiff against such a corporation in such an action unless the claim be presented, before action brought, to the chief fiscal officer for payment.    The claim on the part of the plaintiff is that this claim was presented to the treasurer, Tillman, by one Allen, who was authorized by the plaintiff's attorney to do so.    The affidavit of Tillman shows what really did take place between Allen and himself.    From it, it appears that Allen did not ask for payment, did not claim to be authorized to receive payment, as Spaulding's attorney or otherwise; that he delivered no statement or memorandum of the claim to the treasurer, and did not give him any information from which he could pay the claim, or any opportunity to do so.    He simply called him into his office, and said to him, in substance:    "I understand you have no power to pay claims against the village, and I simply want you to decline to pay a couple of claims which I have here.    As yet, there has been no refusal to pay the claim, and I want that done, as a matter of form, so that some subsequent step may be taken with them."    Tillman further says that he replied that it was true that he could not pay any claims without a village check.    True, Allen's affidavit is that on that occasion he "presented a claim in favor of Benjamin S. Spaulding against the village of Waverly to David Tillman, treasurer,    *    *    *    and demanded payment thereof, and the said treasurer refused to pay the same."    "That the items of the account so presented are as follows."    Then follow several items, and that constitutes the whole of his affidavit.    There is no definite statement that he showed the account and the items themselves to Tillman.    He presented a claim, and says the account is the claim so presented.    The statements in that affidavit are so much in the form of conclusions that it cannot be deemed a contradiction of Tillman's.    Allen may have said precisely what Tillman says he said, and considered that a presentation; and Tillman may have replied exactly as he says he did, and Allen considered that a refusal to pay.    We must conclude that the transaction was as Tillman gives it, and manifestly such a one is not the presentation and demand contemplated by the statute.    Allen could not reasonably expect the treasurer to then and there pay the claim, yet he does not pretend

44 N.Y.S.—8

that he gave him any memorandum of the amount, or made any request that he would do anything in the matter except pay it then and there. Without attempting to prescribe any particular mode in which such claims must in all instances be presented under this statute, it is safe to say that they must be presented by one who at least claims authority to act for the claimant, and in such a manner as will afford opportunity and sufficient information to the officer to enable him to present it to the proper auditing officers, and to procure authority and means to pay it. It is plain to see that Allen had no idea of demanding and receiving payment of this claim, and that he never expected or asked the treasurer to pay it. Without deciding whether the claim, to be available under this section, should have been itemized and verified as required by section 10 of title 3 of the general village corporation act (Laws 1870, c. 291, as amended by chapter 160 of the Laws of 1891), we hold that, under the facts as they appear before us, no such presentation as is required by section 3245 of the Code has been made, and that, therefore, the plaintiff was not entitled to recover costs against the defendant.

The order appealed from should be reversed, with $10 costs and disbursements. All concur.

Order reversed, with $10 costs and disbursements, and motion below denied, with $10 costs.